MILLER KORZENIK RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

March 3, 2026

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007
Courtroom: 18C

**RE: Heiting v. Korangy Publishing Inc. et al, 1:25-cv-10176;**
***Requesting Pre-Motion Conference on Motion to Dismiss.***

Dear Judge Vyskocil:

On behalf of Defendant Korangy Publishing Inc., we write purusuant to Your Honor's Individual Practice Rule 4.A.i. to request a pre-motion conference and briefing schedule on Defendant's Motion to Dismiss the Class Action Complaint. We have advised Plaintiff's counsel of this request.

While we have already filed the motion (ECF __), we are correcting that with the filing of this pre-motion letter. Please pardon the oversight. The grounds for our motion are as follows:

- Motion to Dismiss under R. 12(b)(1), Lack of Article III Standing.
  - Plaintiff's allegations are a bare procedural violation of California Invasion of Privacy Act (CIPA) § 638.51 that does not confer standing.
  - Plaintiff's only alleged harm, in addition to being merely procedural, is also speculative and not particularized.
  - Plaintiff fails to allege her harm has a close common-law analogue to other privacy torts such as unjust enrichment, intrusion upon seclusion, or public disclosure of private facts.
  - Plaintiff's alleged injuries are not fairly traceable to Defendant, and instead are only alleged to be from independent third parties not before the Court.
  - Finally, Plaintiff's alleged injuries are not capable of redressability because action taken against Defendant would not stop her alleged injuries given that they are attributable to third parties.

- Motion to Dismiss under R. 12(b)(6), Failure to State a Claim for Which Relief Can be Granted.
  - CIPA § 638.51 does not apply to digital data collection, which is Plaintiff's only allegation of injury.

- Even if CIPA § 638.51 did apply, Plaintiff does not allege a "trap and trace device" as per the statutes definition because she (1) cannot meet the statute's identification requirement and (2) alleges "content" information is collected, which is outside of the statutory definition.
- Finally, Plaintiff is a serial litigant of CIPA claims and willing internet user who visited Defendant's website to manufacture this claim. As such, Plaintiff knowingly and consentually transmitted her own browsing data necessary to visit Defendant's website.

Given the failure on standing and the merits, Plaintiff's class action allegations necessarily fail. For these reasons, Defendant will move to dismiss Plaintiff's class action complaint.

Respectfully,

*/s/ David S. Korzenik*

David S. Korzenik

**MILLER KORZENIK RAYMAN LLP**
1501 Broadway, Suite 2015
New York, NW 10036

*Counsel for Defendant*