TAULER | SMITH LLP

J. Evan Shapiro, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 1100
Los Angeles, CA 90017
Tel: (310) 590-3927
eshapiro@taulersmith.com

April 8, 2026

**VIA ECF**

The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan United States Courthouse
Courtroom: 18C
500 Pearl St. New York, NY 10007

**Re: Response to Defendant's Request for Pre-Motion Conference**
***Heiting v. Korangy Publishing Inc., et al.***
**(Case No. 1:25-cv-10176-MKV)**

Dear Judge Vyskocil:

This letter sets forth the positions of Plaintiff Jane Heiting ("Plaintiff") regarding Defendant Korangy Publishing's ("Defendant" or "Korangy") anticipated motion to dismiss the Complaint (ECF No. 1) described in Defendant's pre-motion conference request letter filed on April 3, 2026 (ECF No. 10).

Defendant contends that Plaintiff lacks Article III standing to assert her claim under California Penal Code § 638.51. Defendant incorrectly states that the Complaint alleges only procedural, speculative and non-particularized harm. The Complaint explains that the operation of data broker software on Defendant's website transmits visitor data that is used to identify every visitor to the website, and that Plaintiff was subjected to the data broker software when she visited the website on March 11, 2025. It further explains that the data broker software installs cookies and assigns unique identifiers to the devices of website visitors, and that these enable tracking of visitors on an ongoing basis as they navigate the internet (i.e., on other websites than Defendant's). The Complaint alleges sufficient facts to support the conclusion that Plaintiff was subjected to software that caused her to be identified by a number of data brokers for such purposes as being targeted by online ads, and to be tracked. Further, the allegations of the Complaint support the conclusion that, due to Defendant's actions, Plaintiff's conversation with the website was intruded upon by the data brokers, and Defendant and the data brokers were unjustly enriched. Further, they support the conclusion that Defendant's actions (1) deprived Plaintiff of her right to control the dissemination of information about Plaintiff and her device that can be used to identify her, and (2) diminished the value of that information.

Plaintiff intends to amend her Complaint to provide the Court with additional factual allegations providing more depth to the injuries asserted by Plaintiff in this action.

Defendant's contention that her injuries are not traceable to Defendant is incorrect. Under the allegations of the Complaint, had Defendant not installed the data broker software on its website, Plaintiff would not have been subjected to the data broker software, and thereafter been identified (including by matching her data with additional offline information about her in the prior possession of the data brokers) and tracked on an ongoing basis. Defendant's redressability argument fails because Defendant can prevent future injuries to future members of the putative class by reconfiguring website so that it does not transmit data to data brokers without first informing website visitors of such transmission and obtaining consent for such transmission. The data brokers do not need to be involved to accomplish this. Further, Defendant could prevent injury by uninstalling the data broker software on its website.

In response to Defendant's contention that Cal. Penal Code § 638.51 does not reach "digital data collection" Plaintiff will cite to a plethora of California federal district court caselaw, as well as California Superior Court caselaw, holding that software or code running on websites which "captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication" constitutes a trap and trace device under §§ 638.50-51. Indeed this is the majority position among district courts in C.D. and N.D. California. The relevant statutes are unambiguous and broadly worded to include processes that operate on the internet to identify private citizens to a 'reasonably likely' extent. It defines trap and trace device to include the capturing of "signaling information" that identifies the "source" of an "electronic communication", and relies upon a definition of "electronic communication" that encompasses the exchange of "signals" by wire, radio, electromagnetic, photoelectric or photo-optical systems. The definition of electronic communication in California's Invasion of Privacy Act, of which § 638.51 is a provision, is based on the definition of the same term in 18 U.S.C. § 2510(12), the Electronic Communication Privacy Act. Federal courts routinely allow interception claims under the ECPA based on software transmitting data over the internet based on the definition set forth in 18 U.S.C. § 2510(12), which is nearly identical to the definition of the term in CIPA. Additionally, §§ 638.50-51 were enacted in 2015, when the internet and tracking software existed.

Defendant errs arguing that Plaintiff cannot "meet the statute's identification requirement." The Complaint alleges that Plaintiff was reasonably likely identified as the source of her visit. It alleges (at paragraph 13) that a process called "browser fingerprinting" enables sophisticated parties including data brokers to use "*hundreds*" of data points that are non-descript such as screen size to identify visitors to a website. This is not a figment of Plaintiff's imagination. The phenomenon is detailed in internet technology focused periodicals, such as Wired. *See, e.g.* Jacob Roach, "Here's What Your Browser Is Telling Everyone About You: Your browser sends a lot of information with each website you visit. That can be used to track you across the internet." (Wired Magazine, Oct. 16, 2025), available at https://www.wired.com/story/what-is-browser-fingerprinting/ (last viewed 2/22/2026). 25.

In 2025, researchers at U.S. universities found evidence of the use of browser fingerprinting by websites, particularly in connection with advertising. *See* Texas A&M Univ. Dep't of Computer Science and Engineering, "Websites Are Tracking You Via Browser Fingerprinting: New research provides the first evidence of the use of browser fingerprints for online tracking." (Texas A&M Stories June 26, 2025), available at https://stories.tamu.edu/news/2025/06/26/websites-are-tracking-you-via-browser-fingerprinting/ (last viewed 2/22/2026). Through research, Dr. Yinzhi Cao, Associate Professor of Computer Science and Technical Director of the Information Security Institute at Johns Hopkins University, and other scholars, have "correlate[d] browser fingerprints and ad behaviors, essentially establishing the relationship between web tracking and fingerprinting." *Id.*

Plaintiff cannot respond to Defendant's argument that "content is collected" by the data broker software because Defendant does not cite any text from the Complaint. Plaintiff refutes that she alleges that is the case. Her claim is not based on any data entered by a visitor to the website during their visit. Moreover, Plaintiff will cite to caselaw disputing that the incidental collection of content in addition to identifying information does not defeat a claim under § 638.51. Further, there is nothing in the legislative history of the statute indicating that the California Legislature wanted to give a free pass to parties using identifying technology ***also*** capturing the contents of communications from visitors to their websites. Courts have permitted cases to proceed based on a single suite of software where plaintiffs allege both the interception of the contents of a communication (in violation of Cal. Penal Code § 631(a)) and the use of a trap and trace device under § 638.51.

Defendant's consent argument has no place in a motion to dismiss. The Complaint alleges that Plaintiff did not consent to Defendant's use of a trap and trace device on its website. There is no "serial litigant" exception to the rule that in adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true. The Complaint does not allege that Plaintiff is a serial litigant. Moreover, that Plaintiff has been injured by numerous websites does not mean that she consented to be subjected to trap and trace devices on every website on the internet.

Respectfully,

/s/ *J. Evan Shapiro*

J. Evan Shapiro
Robert Tauler
TAULER SMITH LLP
90 Broad St., Suite 703
New York, New York 10004
eshapiro@taulersmith.com
rtauler@taulersmith.com
(212) 702-8670 (New York office)
(213) 927-9270 (Main Office (L.A.))

*Attorneys for Plaintiff Jane Heiting*